Exhibit "A"

EFiled: Sep 2 2005 1:45P
Transaction ID 6624133

SUM

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

Douglas HOLLOWAY and RITA HOLLOWAY,　）
　　　　　　　　　　　　　　　　　）   C. A. No. 05C-09-036 RSG
　　　　　　　　　　　Plaintiffs,　）
　　　　　　　　　　　　　　　　　）
　　　　　v.　　　　　　　　　　　）   SUMMONS
　　　　　　　　　　　　　　　　　）
MONACO COACH CORPORATION, a Corporation ）
of the State of Delaware,　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　Defendants.　）

**THE STATE OF DELAWARE,**

**TO THE SHERIFF OF KENT COUNTY:**

**YOU ARE COMMANDED:**

　　　To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendants shall serve upon Christopher J. Curtin, Esquire, plaintiff's attorney, whose address is Erisman & Curtin, 629 Mount Lebanon Road, Wilmington, DE 19803, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

　　　To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated: 9/19/05

　　　　　　　　　　　　　　　　　*SHARON AGNEW*
　　　　　　　　　　　　　　　　　Prothonotary
　　　　　　　　　　　　　　　　　Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

　　　In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

　　　　　　　　　　　　　　　　　*SHARON AGNEW*
　　　　　　　　　　　　　　　　　Prothonotary
　　　　　　　　　　　　　　　　　Per Deputy

Rev 3/91-1

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

EFiled: Sep 2 2005 1:45P EDT
Transaction ID 6624133

COUNTY:   N   K   S          CIVIL ACTION NUMBER: 05C-09-036 RSG

Civil Case Code **CLEM**          Civil Case Type **LEMON LAW**
(SEE REVERSE SIDE FOR CODE AND TYPE)

| | |
|---|---|
| Caption:<br><br>**DOUGLAS HOLLOWY and**<br>**RITA HOLLOWAY,**          **Plaintiffs,**<br>**v.**<br><br>**MONACO COACH CORPORATION,**<br>**a corporation of the State of Delaware,**<br><br><br>**Defendant.** | Name and Status of Party filing document:<br><br>**DOUGLAS HOLLOWY and**<br>**RITA HOLLOWAY, PLAINTIFFS**<br>Document Type: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>**COMPLAINT**<br>Non-Arbitration **XX**<br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br><br>Arbitration ___   Mediation **XX**   Neutral Assessment ___<br>DEFENDANT (CIRCLE ONE)   **ACCEPT   REJECT**<br>JURY DEMAND   Yes **XX**   No ___<br>TRACK ASSIGNMENT REQUESTED (CIRCLE ONE)<br>**EXPEDITED   STANDARD   COMPLEX** |
| ATTORNEY NAME(S):<br><br>**CHRISTOPHER J. CURTIN**<br>ATTORNEY ID(S):<br><br>**226**<br>FIRM NAME:<br><br>**ERISMAN & CURTIN**<br>ADDRESS:<br><br>**P.O. BOX 250**<br><br>**WILMINGTON, DE  19899-0250**<br>TELEPHONE NUMBER:<br><br>**(302) 478-5577**<br>FAX NUMBER:<br><br>**(302) 478-5494**<br>E-MAIL ADDRESS:<br><br>**CCURTIN659@AOL.COM** | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br><br><br><br>EXPLAIN THE RELATIONSHIP(S):<br><br><br><br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br><br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 6/2002

EFiled: Sep 2 2005 1:45PM EDT
Transaction ID 6624133

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| DOUGLAS HOLLOWAY, and<br>RITA HOLLOWAY, | )<br>)<br>) C.A. No.:    05C-09-036 RSG |
| Plaintiffs, | )<br>) **NON-ARBITRATION CASE** |
| v. | )<br>) **TRIAL BY JURY DEMANDED** |
| MONACO COACH CORPORATION,<br>a corporation of the State of Delaware, | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

1    Plaintiffs Douglas Holloway and Rita Holloway, his wife, (hereinafter the "Holloways" or "Plaintiffs") are citizens of the State of Delaware, residing at Pleasant Valley Road, Newark, New Castle County, DE.

2.    Defendant Monaco Coach Corporation is a corporation organized and existing under the laws of the State of Delaware having as its principle place of business, 91320 Coburg Industrial Way, Coburg, OR 97408-9305. Defendant Monaco manufactures, assembles, distributes, and warrants new motor home automobiles, chassis, and parts. Monaco manufactured, assembled, distributed and warranted new motor homes, motor home chassis and parts, including new 2004 Beaver Monterey, Laguna motor homes, and warrants them through express and implied warranties. Monaco manufactured, distributed, and warranted the chassis, body, and finally assembled the motor home which is the subject of this litigation, which it sold through its authorized dealer. Hereinafter, references to Monaco or Beaver Coach will be to "Monaco." Denial by affidavit demanded pursuant to 10 *Del C.* §3915.

3.    LazyDays RV Center, (hereinafter "LazyDays") is a corporation organized and existing

under the laws of the State of Florida. LazyDays operates a recreational vehicle dealership, selling and servicing both new and used vehicles, including new 2004 Monaco/Beaver Monterey Laguna motor homes, having as its principal place of business 6130 Lazy Days Boulevard, Seffner, FL 33584. LazyDays is an authorized Monaco dealer. LazyDays sold the motor coach which is the subject of this litigation to Plaintiffs.

4. On or about February 10, 2004, Plaintiffs purchased from Defendant Monaco through LazyDays, a new 2004 Monaco/Beaver Monterey Laguna luxury motor home automobile, serial number 1RFC2564541029131 (hereinafter the "Automobile") which was manufactured distributed and warranted by Defendant Monaco and sold to Plaintiffs through LazyDays.

5. Plaintiffs are the titled owners of the Automobile and purchased it for personal, family, and household purposes, and not for resale.

6. Defendant Monaco, expressly and in writing, warranted the Automobile to free from defects for 12 months or 24,000 miles, warranted the chassis to be free of defects, during normal use, for a period of three years or 36,000 miles, and warranted the aluminum frame structure, sidewalls, roof and front and rear end caps to be free from defects for 5 years or 50,000 miles. Defendant Monaco further extended the warranty through a service contract for additional time and mileage. Defendant Monaco warranted that any authorized dealer or reputable service center will, without charge for parts or labor, either repair or replace defective parts during the applicable warranty period.

7. LazyDays expressly and in writing warranted the Motor Home to be "new" and guaranteed the parts and labor on all repairs sold to Plaintiffs pertaining to the Automobile.

8. Defendant impliedly warranted that the Automobile was fit for the ordinary purposes for which it was intended, and that it was of good and merchantable quality.

9  Plaintiffs made payment in full of $267,730.00 for the Automobile on or about December 10, 2004. Plaintiffs made a down payment of $25,500.00 to LazyDays on or about February 10, 2004 to purchase the Automobile. In addition, Plaintiffs turned in a 2001 Beaver Monterey Seacliff motor coach. Plaintiffs financed the purchase through Bank of America, at 5.5% interest *per annum* and make monthly payments of $827.47 per month from February 24, 2004 to the present, which include interest on the sum borrowed to purchase the Automobile.

10. Beginning on the day of purchase, and continuing to the present, Plaintiffs experienced serious problems (hereinafter the "Condition") with the Automobile. The fuel tanks overflowed due to improper filler tubes, splashing diesel fuel onto the Automobile and ground. The diesel powered generator blew diesel fuel onto its exhaust pipes, creating clouds of vaporized diesel fuel, visible even during normal driving, that made the Automobile appear to be on fire. The roof leaked water persistently, so that on using the brake for the first time after a rain, two quarts of water would run down the interior of the windshield, onto the dash, and into the area where electronics and gauges are housed, some of which malfunctioned. The body sidewalls leaked water into the Automobile, especially at the slide-outs, and elsewhere. The Hydro-Hot heating system was improperly or defectively installed, and burned and melted its interior burner.

11. Plaintiffs returned the Automobile to the Defendant, LazyDays, and others authorized by Defendant for repairs. On one occasion, the Automobile was out of service for 30 days. On another occasion the Automobile was out of service for 36 days. On yet another occasion the Automobile was out of service for 86 days. On another occasion, the Automobile was out of service for 75 days. During the first year after purchase, the Automobile was out of service approximately 227 days.

12. Plaintiffs returned the Automobile to the Defendants on at least four (4) occasions because of the Condition, resulting in five repair attempts during the first year after purchase. After four opportunities and more than 30 days out of service during the first year, the Automobile was still unrepaired.

13. The Condition represents breach of the Automobile's warranty, and breach the express and implied warranties made by the Defendant.

14. Plaintiffs lost confidence in the Automobile and the ability of the Defendant to honor its obligations under contract and warranty. The warranties have failed of their essential purpose.

15. Plaintiffs repeatedly contacted Defendant, and gave notice of the non-conformity to the warranties. Plaintiffs demanded that Defendant refund the full purchase price of the Automobile. Defendant has, to date, refused and Plaintiffs have been unable to have their complaint resolved.

16. The defects enumerated in this Complaint substantially impair the use, value and safety of the Automobile to the Plaintiffs.

**COUNT I**
**"LEMON LAW"**

17. The allegations in paragraphs 1 through 16 of the Complaint are restated and incorporated by reference within this count.

18. Defendant Monaco owes Plaintiffs a duty to conform the Automobile to the manufacturer's written warranty by making or arranging with its dealer to make, within a reasonable period of time, and a reasonable number of attempts, all repairs necessary to conform the Automobile to the warranty, pursuant to 6 *Del. C.* §5002.

19. Defendant breached its duty to conform the Automobile to the warranty by failing to

correctly diagnose and repair the Condition in a reasonable number of attempts or in a reasonable amount of time.

20. Defendant Monaco refused to accept return of the Automobile from Plaintiffs and either:

a. Replace the Automobile with a comparable new automobile without charge for taxes, preparation fees, transfer of registration fees, sales taxes or any other charges or fees usually paid by a purchaser of a new automobile; or

b Refund to the Plaintiffs the full purchase price of the original Automobile, including all credits and allowances for any trade-in vehicle, all taxes, registration fees, preparation fees and any other charges or fees paid by the Plaintiffs less a reasonable allowance for the Plaintiffs' use of the Automobile, as limited by 6 *Del C.* §5003(c)(1).

21. Defendant Monaco has not established an informal settlement procedure which conforms to the requirements of 6 *Del. C.* §5007.

22. As a result of Defendant Monaco's breach of its duties under 6 *Del C.* Ch. 50, Plaintiffs suffered, and continue to suffer, direct, incidental, and consequential damages which include the full purchase price of the Automobile, the finance charges paid, the down payment, out-of- pocket expenses, aggravation and inconvenience, the costs of this action, and attorney's fees. Moreover, Defendant caused Plaintiffs to incur additional automobile price increases directly as a consequence of Defendant's delay and unreasonable refusal to honor Plaintiff's demand for refund.

## COUNT II
## BREACH OF EXPRESS WRITTEN WARRANTY

23. The allegations in paragraphs 1 through 22 of the Complaint are restated and incorporated by reference within this count.

24. Through its written warranty Defendant Monaco promised that it would correct defects in the Automobile in a reasonable number of attempts and in a reasonable amount of time, through its agents, LazyDays, other Monaco dealers and other service providers.

25. Defendant breached its express written warranty to Plaintiffs by failure to correct the Condition in a reasonable number of attempts or in a reasonable amount of time.

26. Defendant breached the express written warranty to Plaintiffs when they refused to replace or repurchase the Automobile when Defendant proved incapable of correctly diagnosing or repairing the Condition in a reasonable number of attempts or in a reasonable amount of time. The warranty therefore failed of its essential purpose.

27. As a result of Defendant's breach of express warranty, Plaintiffs suffered, and continue to suffer, direct, incidental, and consequential damages which include the full purchase price of the Automobile, the finance charges paid, the down payment, out-of- pocket expenses, aggravation and inconvenience, the costs of this action, and attorney's fees.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

28. The allegations in paragraphs 1 through 27 of the Complaint are restated and incorporated by reference within this count.

29. As merchants and dealers in new automobiles, Defendant, as a matter of law, gave to Plaintiffs an implied warranty of merchantability pursuant to 6 *Del. C.* §2-314(1) or its counterpart under Florida law, that the Automobile sold to Plaintiffs was reasonably fit for its ordinary purpose and of good and merchantable quality.

30. Defendant breached the implied warranty of merchantability in that the Automobile sold to Plaintiffs was not merchantable nor reasonably fit for ordinary driving in that the Condition substantially impairs the value of the Automobile to the Plaintiffs. The Automobile

was substantially defective when sold to Plaintiffs.

31.  As a result of Defendant's breach of warranty,  Plaintiffs suffered, and continue to suffer, direct, incidental, and consequential damages which include the full purchase price of the Automobile, the finance charges paid, the down payment, out-of- pocket expenses, aggravation and inconvenience, the costs of this action, and attorney's fees.

## COUNT IV
## MAGNUSON-MOSS ACT

32.  The allegations in paragraphs 1 through 31 of the Complaint are restated and incorporated by reference within this count.

33.  Defendant breached the Magnuson-Moss "Consumer Warranties Act," 15 *U.S.C.* §2310(d) in that:

    a.  Defendant breached the manufacturer's express written warranty as stated in Count II;

    b.  Defendant breached the implied warranties of merchantability as stated in Count III;

    c.  Defendant Monaco created a deceptive warranty by misrepresenting Plaintiff's and Defendants rights and obligations under the Delaware Lemon Law in its "Owner's Manual and Warranty."

34.  As a result of Defendant's breach of 15 *U.S.C.* §2301 *et. seq.*, Plaintiffs suffered, and continue to suffer, direct, incidental, and consequential damages which include the full purchase price of the Automobile, the finance charges paid, the down payment, out-of- pocket expenses, aggravation and inconvenience, the costs of this action, and attorney's fees.  Moreover, Defendant caused Plaintiffs to incur additional automobile price increases directly as a consequence of Defendant's delay and unreasonable refusal to honor Plaintiffs' demand for a

repurchase.

**COUNT V**
**CONSUMER FRAUD**

35. The allegations in paragraphs 1 through 34 of the Complaint are restated and incorporated by reference within this count.

36. Defendants, by the violation of the Lemon Law, 6 *Del. C.* Ch. 50, stated in Count I above, violated the Delaware Consumer Fraud Act, 6 *Del. C.* §2513 *et seq*. In that:

    a. Defendant breached its duty to conform the Automobile to the warranty by failing to correctly diagnose and repair the Condition in a reasonable number of attempts or in a reasonable amount of time.

    b. Defendant Monaco refused to accept return of the Automobile from Plaintiffs and either:

        a. Replace the Automobile with a comparable new automobile without charge for taxes, preparation fees, transfer of registration fees, sales taxes or any other charges or fees usually paid by a purchaser of a new automobile; or

        b. Refund to the Plaintiffs the full purchase price of the original Automobile, including all credits and allowances for any trade-in vehicle, all taxes, registration fees, preparation fees and any other charges or fees paid by the Plaintiffs less a reasonable allowance for the Plaintiffs' use of the Automobile, as limited by 6 *Del. C.* §5003(c)(1).

37. Violation of the Delaware Lemon Law is, as a matter of law, a *per se* violation of the Consumer Fraud Act, pursuant to 6 *Del. C.* §5009;

38. Defendants' statutory fraud was gross and oppressive.

39. As a result of Defendants' conduct, Plaintiffs suffered, and continue to suffer, direct, incidental, and consequential damages which include the full purchase price of the Automobile, the finance charges paid, the down payment, out-of- pocket expenses, aggravation and inconvenience, the costs of this action, and attorney's fees.

## COUNT VI
## ELDER VICTIM ENHANCED PENALTIES ACT

40. The allegations in paragraphs 1 through 39 of the Complaint are restated and incorporated by reference within this count.

41. Plaintiff Rita Holloway was an elder person, as defined by 6 *Del. C.* §2580, being a person over the age of 65 years when Defendant violated the Lemon Law as alleged in Count I, above.

42. Plaintiff was injured by Defendants' violation of the Lemon Law, and Consumer Fraud Act, as alleged in Counts I, and V, above.

43. Violation of the Lemon Law is a *per se* violation of the Consumer Fraud Act, as a matter of law, pursuant to 6 *Del C* §5509.

44. Pursuant to 6 *Del. C.* §2583, Plaintiff has a private right of action to recover enhanced damages, court costs and reasonable attorney's fees for the violations of the Consumer Fraud Act which is contained in Chapter 25 of Title 6 of the Delaware Code.

45. Plaintiff is thus "entitled to recover 3 times the amount of the victim's compensatory damages" pursuant to 6 *Del. C.* §2583, in addition to actual damages.

46. As a result of Defendant's violation of the Elder Victim's Enhanced Penalties Act, Plaintiffs suffered, and continue to suffer, direct, incidental, and consequential damages which include the full purchase price of the Automobile, the finance charges paid, the down payment, out-of- pocket expenses, aggravation and inconvenience, the costs of this action, and attorney's

fees, which shall be trebled, in addition to her actual damages.

    **WHEREFORE,** Plaintiffs demand judgment against the Defendants as follows:

        a. Compensatory damages in the amount of a refund of the full purchase price of the Automobile, including all taxes, preparation fees, and other charges;

        b. General, incidental, and consequential damages;

        c. Punitive damages pursuant to the Consumer Fraud Act, 6 *Del. C.* §2513 *et seq.*;

        d. Treble damages pursuant to the Elder Victims' Act, 6 *Del. C.* §2583;

        e. Prejudgment and post-judgment interest;

        f. Reasonable attorney's fees pursuant to 6 *Del. C.* §§5005, 2583 and 15 *U S C* §2310 (d);

        g. Costs of this action, and;

        h. Any other relief which this Court deems just.

                **ERISMAN & CURTIN**

                /S/ *Christopher J. Curtin*
                Christopher J. Curtin
                I.D. No. 226
                629 Mount Lebanon Rd.
                P.O. Box 250
                Wilmington, DE 19899
                (302) 478-5577
                Attorney for Plaintiffs

DATED: September 2, 2005