IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOUGLAS HOLLOWAY and RITA HOLLOWAY<br>　　　　　Plaintiffs<br><br>v.<br><br>MONACO COACH CORPORATION<br>a corporation of the State of Delaware<br>　　　　　Defendant | Civil Action<br>No.: 05-740 (JJF) |

**DEFENDANT MONACO COACH CORPORATION
ANSWER TO PLAINTIFFS' COMPLAINT**

AND NOW, defendant Monaco Coach Corporation by and through their attorneys answers plaintiffs' Complaint as follows:

1. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph; therefore, they are denied and strict proof thereof is demanded at trial.

2. Admitted in part; denied in part. It is admitted that Monaco is a corporation organized under the laws of Delaware having a principle place of business in Coburg, Oregon. Further, it is admitted that Monaco sold the subject motor home to the dealership that plaintiffs purchased the motor home from and that Monaco issued a limited warranty covering portions of the subject motor home. The remainder of the allegations in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

3. Admitted.

4. Admitted in part; denied in part. It is admitted that plaintiffs purchased a 2004 Laguna motor home. The remaining allegations contained in this paragraph

constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

    5.    Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph. Therefore, they are denied and strict proof thereof is demanded at trial.

    6.    Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

    7.    Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph. Therefore, they are denied and strict proof thereof is demanded at trial..

    8.    Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

    9.    Denied. The allegations contained in this paragraph constitute conclusions of law automatically deemed denied and no response is required. To the extent that a response is required answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments. Strict proof thereof is demanded at the time of trial.

    10.    Denied. The allegations contained in this paragraph constitute conclusions of law automatically deemed denied and no response is required. To the extent a response is required, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of these averments and denies same. Strict proof thereof is demanded at the time of trial.

11. Denied. The allegations contained in this paragraph constitute conclusions of law automatically deemed denied and no response is required. To the extent a response is required, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of these averments and denies same. Strict proof thereof is demanded at the time of trial.

12. Denied. The allegations contained in this paragraph constitute conclusions of law automatically deemed denied and no response is required. To the extent a response is required, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of these averments and denies same. Strict proof thereof is demanded at the time of trial.

13. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

14. Denied. The allegations contained in this paragraph constitute conclusions of law automatically deemed denied and no response is required. To the extent a response is required, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of these averments and denies same. Strict proof thereof is demanded at the time of trial.

15. Denied. The allegations contained in this paragraph constitute conclusions of law automatically deemed denied and no response is required. To the extent a response is required, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of these averments and denies same. Strict proof thereof is demanded at the time of trial.

16. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

### COUNT I - LEMON LAW

17. Defendant hereby incorporates the averments in paragraphs 1 through 16 of the Answer as if more fully set forth at length herein.

18. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

19. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

20. a-b. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

21. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

22. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

### COUNT II – BREACH OF EXPRESS WRITTEN WARRANTY

23. Defendant hereby incorporates the averments in paragraphs 1 through 22 of the Answer as if more fully set forth at length herein.

24. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

25. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

26. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

27. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

## COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

28. Defendants hereby incorporates the averments in paragraphs 1 through 27 of the Answer as if more fully set forth at length herein.

29. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

30. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

31. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

## COUNT IV – MAGNUSON-MOSS ACT

32. Defendant hereby incorporates the averments in paragraphs 1 through 31 of the Answer as if more fully set forth at length herein.

33. a-c. Denied. The allegations contained in this paragraph and its subsets contain conclusions of law to which no response is required. Strict proof is demanded at the time of trial.

34. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

## COUNT V – CONSUMER FRAUD

35. Defendant hereby incorporates the averments in paragraphs 1 through 34 of the Answer as if more fully set forth at length herein.

36. Denied. The allegations contained in this paragraph and its subsets contain conclusions of law to which no response is required. Strict proof is demanded at the time of trial.

37. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

38. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

39. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

## COUNT VI – ELDER VICTIM ENHANCED PENALTIES ACT

40. Defendant hereby incorporates the averments in paragraphs 1 through 39 of the Answer as if more fully set forth at length herein.

41. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph. Therefore, they are denied and strict proof thereof is demanded at trial.

42. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

43. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

44. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

45. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

46. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

WHEREFORE, Answering Defendant respectfully requests this Honorable Court dismiss Plaintiffs' Complaint with prejudice, awarding costs and fees and all other legal and equitable relief deemed just and appropriate.

### FIRST AFFIRMATIVE DEFENSE

Answering Defendant did not violate any elements of the Magnuson-Moss Act, 15 U.S.C. §2301, *et seq*

### SECOND AFFIRMATIVE DEFENSE

Answering Defendant was not negligent, nor breached any element within the meaning of the Delaware Consumer Fraud Act, 6 Del.C.§2513 *et seq*.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks personal and subject matter jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

The damages alleged in the Complaint resulted from the sole negligence of the plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

The damages alleged resulted from the negligence of third parties over whom Answering Defendant had no control and said damages were subsequently sustained.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs were guilty of comparative negligence and such negligence was greater than the negligence of the defendant.  In the event that such comparative negligence is alleged to be not greater than the negligence of the defendant, Answering Defendant demand that plaintiffs' damages be diminished to a percentage of plaintiffs' comparative negligence under the Comparative Negligence Act-10 Del.C. §8132.

### SEVENTH AFFIRMATIVE DEFENSE

The claim is barred by the entire controversy doctrine, <u>res judicata</u> and/or estoppel and release.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' failed to issue process within the time frame required by law, thus entitling Defendant to dismissal of the action.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' failed to mitigate damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Any damages or injuries sustained by the plaintiffs were the result of the negligence or breach of warranty of third persons over whom Answering Defendant had no control.

### TWELFTH AFFIRMATIVE DEFENSE

Any injuries or damages sustained by the plaintiffs were the result of an unavoidable accident or an act of God.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant denies they breached any warranty, either express or implied.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any injuries or damages sustained by these plaintiffs were the result of these plaintiffs own deliberate acts.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs modified and/or altered and/or caused the motor home to be modified and/or altered.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Magnuson-Moss Act 15 U.S.C. §2301, *et seq* does not create or impose warranties on any person or entity.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The motor home is fit for its ordinary purpose.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The motor home is honestly resalable in the ordinary course of business.

### NINTEENTH AFFIRMATIVE DEFENSE

The Limited Warranty specifically excludes liability for incidental or consequential damage.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant's damages exclusion is conscionable.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The performance of repairs is the exclusive remedy under the written warranty or any implied warranty.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' breach of implied warranty causes of action are barred for lack of privity.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' causes of action sounding in fraud are barred by the Economic Loss Doctrine.

**DEMAND FOR TRIAL**

A trial by jury is hereby demanded.

WHEREFORE, Answering Defendant respectfully requests this Honorable Court dismiss Plaintiffs' Complaint with prejudice, awarding costs and fees and all other legal and equitable relief deemed just and appropriate.

/s/ Danielle K. Yearick
Danielle K. Yearick, Esquire (ID #3668)
TYBOUT, REDFEARN & PELL
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE  19899-2092
(302) 658-6901
*Local Counsel for the Defendant*

*Of Counsel:*

Theodore C. Flowers, Esquire
SEGAL, MCCAMBRIDGE, SINGER & MAHONEY
United Plaza
30 South 17th Street, Suite 1700
Philadelphia, PA 19103
(215) 972-8015

## CERTIFICATE OF SERVICE

I, DANIELLE K. YEARICK, ESQUIRE, certify that I have had deposited in the mailbox at 300 Delaware Avenue, Wilmington, Delaware, on this <u>10th</u> day of <u>November</u>, 2005, true and correct copies of the attached document, addressed to:

Christopher J. Curtin, Esquire
ERISMAN & CURTIN
P.O. Box 250
Wilmington, DE 19899-0250

/s/ *Danielle K. Yearick*
Danielle K. Yearick, Esquire (ID #3668)
TYBOUT, REDFEARN & PELL
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899-2092