IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOUGLAS HOLLOWAY and RITA HOLLOWAY, :<br><br>Plaintiffs, :<br><br>v. :<br><br>MONACO COACH CORPORATION, a corporation of the State of Delaware, :<br><br>Defendant. : | C.A. No.: 05-740 (JJF) |

### DEFENDANT, MONACO COACH CORPORATION MOTION FOR SUMMARY JUDGMENT

1. Plaintiffs Douglas and Rita Holloway, husband and wife, filed a Complaint on September 2, 2005, seeking redress for the sale of an alleged defective 2004 Beaver Monterey Motor Home manufactured by the defendant, Monaco Coach Corporation (hereinafter "Monaco"). See a true and correct copy of plaintiffs' Complaint attached hereto as Exhibit "A."

2. On October 21, 2005, defendant Monaco Coach timely filed a Notice of Removal to this Honorable Court.

3. Plaintiffs' Complaint contains six counts alleging violation of Delaware's Lemon Law, Breach of Express Warranty, Breach of Implied Warranty of Merchantability, Breach of Magnuson Moss Warranty Act, Violation of Delaware's Consumer Fraud Act, and the implication of the Elder Victim Enhanced Penalties Act. See Exhibit "A."

4. Defendant, Monaco hereby moves for Summary Judgment as to all counts as there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

5. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file…show that there is no genuine issue as to any material fact then the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

6. Defendant Monaco offered a limited warranty in connection with the acquisition of the 2004 coach. A true and correct copy of the Beaver Motor Home Limited Warranty is attached as Exhibit "B."

7. The Beaver Limited Warranty states that a purchaser must commence any action for breach of warranty within one year of the expiration of the Limited Warranty. *See* Exhibit "B."

8. The warranty coverage period is reduced to 90 days/24,000 miles when the Motor Home is used for business purposes. *See* Exhibit "B."

9. The plaintiffs' Beaver Limited Warranty started on February 11, 2004. *See* Exhibit "C."

10. Plaintiffs have used their motor home for business purposes as evidenced by the rental income reported on Schedule C of their personal tax returns. A true and correct copy of Plaintiffs' 2004 Personal Income Tax Return is attached as Exhibit "D."

11. Plaintiffs' breach of express and implied warranty claims were filed on September 2, 2005, nearly fifteen months after May 11, 2004 when the statute of limitations expired, and as such, are time-barred under 6 Del.C. §2-275 and should be dismissed. *See* Pidcock v. Ewing, 371 F. Supp. 2d 87 (E.D. Mich. 2005) (finding Monaco's warranty limitation reduction proper under U.C.C. §2-275). *See also* Mott v. Monaco Coach Corp, No. 09-06-C-01281(Dist. Ct. Cass County, N.D. June 6, 2006)(order granting summary judgment based on UCC §2-275 limitation)[1]; Gruet v. Care Free Hous. Div. of Kenn-Schl Enter, Inc., 305 A.D.2d. 1060 (N.Y. App. Div. 2003).

12. Likewise, Count IV for a breach of the Magnuson Moss Warranty Act predicated upon an underlying viable breach of warranty cause of action also must fail as it is time-barred as well under the reduced statute of limitation period set forth in express terms of the Beaver Limited Warranty. *See* Snyder v. Boston Whaler, Inc., 892 F. Supp. 955 (W.D. Mich. 1994).

13. In the alternative, the plaintiffs cannot present colorable claims under any of the six counts of this Complaint.

14. Count II (Breach of Express Warranty) fails because Monaco did not issue an express written warranty. More specifically, Defendant's promise to repair and replace is <u>not</u> a UCC express warranty. *See* Voelker v. Porsche Cars North America, 2004 WL 211603 (N.D. Ill. 2004) *aff'd in part; rev'd in part,* 353 F. 2d 517 (7th Cir. 2003) *See also* Rokicsak v. Colony Marine Sales and Service Inc., 219 F.Supp. 2d 810 (E.D. Mich. 2002).

---

[1] A copy of the Order and Opinion are attached as Exhibit "G."

15. Count IV alleges a violation of the Magnuson Moss Warranty Act. The Magnuson Moss Warranty Act in and of itself, however, does not provide a cause of action upon which relief can be granted but instead is dependent upon an underlying viable state breach of warranty cause of action. Chaurasia v. General Motors Corp., 126 P.3d 165 (Ariz. Ct. App. 2006).

16. Douglas Holloway's testimony demonstrates that Monaco did not breach the implied warranty of merchantability and therefore Count III fails. *See* Exhibit "E" at p. 105 lines 6-13.

17. Count I of plaintiffs' Complaint fails because Delaware's Lemon Law does not apply to this coach.

18. Delaware's Lemon Law, 6 Del. C. §5001(3) defines "manufacturer's express warranty" or "warranty" as "the written warranty of the manufacturer of a new automobile of its condition and fitness for use…" *See* 6 Del. C §5001 (emphasis added).

19. Given the fact that Monaco's limited warranty makes no representation concerning the *condition* of the new automobile or its *fitness for use*, Delaware's Lemon Law by its own definition does not apply. *See* Nichols v. Chester Mack Sales & Service, 1990 WL 251559 (Del. Super. Ct. 1990).

20. Count V of the Complaint fails because plaintiffs seeks to prove a violation of the Delaware Consumer Fraud's statute prefaced on a violation of the Lemon Law. Given the fact that no viable Lemon Law cause of action exist, as set forth above, this cause of action fails to state a claim as a matter of law.

21. Count VI of the Complaint seeks enhanced penalties for a violation of the Elders' Victim Act and is based on plaintiff Rita Holloway turning 65 years old approximately three months after this coach was purchased.

22. Rita Holloway turned 65 years old on June 2, 2004. *See* Rita Holloway's deposition testimony attached as Exhibit "F" at p. 3 lines 16-18.

23. Plaintiffs cannot show any prohibited conduct on behalf of Monaco, nor can they show that any conduct was directed toward Rita Holloway in an attempt to pray on her "elder status." *See* 6 Del. C. §2582(4).

24. As there is no genuine issue as to any material fact, moving party, Monaco Coach Corporation is entitled to judgment as a matter of law.

WHEREFORE, Moving party respectfully requests an Order in the form proposed granting Summary Judgment.

Respectfully submitted,

TYBOUT, REDFEARN & PELL

/s/ Danielle K. Yearick
Danielle K. Yearick, I.D. No. 3668
750 S. Madison Street, Suite 400
P.O. Box 2092
Wilmington, DE 19899
Local Counsel for Defendant
Monaco Coach Corporation

Theodore C. Flowers, Esquire
Segal, McCambridge, Singer & Mahoney
United Plaza
30 South 17th Street, Suite 1700
Philadelphia, PA 19103

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOUGLAS HOLLOWAY and RITA HOLLOWAY<br>Plaintiffs<br><br>v.<br><br>MONACO COACH CORPORATION a corporation of the State of Delaware<br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action<br>No.: 05-740 (JJF) |

## CERTIFICATE OF SERVICE

I, DANIELLE K. YEARICK, ESQUIRE, hereby certify that on this 18th day of August, 2006, true and correct copies of *Defendant Monaco Coach Corporation Motion for Summary Judgment* were delivered by hand and electronically filed sending notice to the following counsel of record:

Christopher J. Curtin, Esquire
ERISMAN & CURTIN
P.O. Box 250
Wilmington, DE 19899-0250

/s/ Danielle K. Yearick
_____
Danielle K. Yearick, Esquire (ID #3668)
TYBOUT, REDFEARN & PELL
750 South Madison Street, Suite 400
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
*Local Counsel for the Defendant*

*Of Counsel:*

Theodore C. Flowers, Esquire
SEGAL, MCCAMBRIDGE, SINGER & MAHONEY
United Plaza
30 South 17th Street, Suite 1700
Philadelphia, PA 19103
(215) 972-8015