IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DOUGLAS HOLLOWAY                    :
and RITA HOLLOWAY,                  :
                                    :
              Plaintiffs,           :        C.A. No.: 05-740 (JJF)
                                    :
        v.                          :
                                    :
MONACO COACH CORPORATION,           :
a corporation of the State of Delaware, :
                                    :
              Defendant.            :

## DEFENDANT, MONACO COACH CORPORATION'S
## BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

TYBOUT, REDFEARN & PELL

 /s/  Danielle K. Yearick
Danielle K. Yearick, I.D. No. 3668
750 S. Madison Street, Suite 400
P.O. Box 2092
Wilmington, DE 19899
Local Counsel for Defendant
Monaco Coach Corporation

Theodore C. Flowers, Esquire
Segal, McCambridge, Singer & Mahoney
United Plaza
30 South 17th Street, Suite 1700
Philadelphia, PA 19103

## TABLE OF CONTENTS

Page No.

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A.     SUMMARY JUDGMENT STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B.     PLAINTIFFS' WARRANTY AND MAGNUSON MOSS COUNTS
       HAVE NOT BEEN TIMELY FILED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

C.     MONACO DID NOT OFFER AN EXPRESS WARRANTY . . . . . . . . . . . . . . 9

D.     PLAINTIFFS' TESTIMONY DEMONSTRATES THAT MONACO DID NOT
       BREACH ANY WRITTEN OR EXPRESS WARRANTIES UNDER THE
       U.C.C. OR THE MAGNUSON MOSS ACT . . . . . . . . . . . . . . . . . . . . . . . . . 10

E.     MONACO DID NOT BREACH THE IMPLIED WARRANTY OF
       MERCHANTABILTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

F.     PLAINTIFFS' CLAIM FOR VIOLATION OF DELAWARE'S LEMON LAW
       (COUNT I)AND CONSUMER FRAUD LAW (COUNT IV) SHOULD BE
       DISMISSED AS THE LEMON LAW IS INAPPLICABLE BY DEFINITION
       TO A LIMITED WARRANTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

G.     PLAINTIFFS CANNOT DEMONSTRATE THE EXPLICIT
       STATUTORY REQUIREMENTS IMPLICATING THE ELDERS
       VICTIM ENHANCED PENALTIES ACT . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

__CASES__                                                                __Page No.__

Anderson v. Liberty Lobby, Inc. ........................................................ 4
106 S. Ct. 2505, 477 U.S. 243 (1986)

Celotex Corp. v. Catrett, ............................................................... 4, 5
106 S. Ct. 2548, 477 U.S. 317 (1986)

Chaurasia v. General Motors Corp., ................................................ 11
126 P.3d 165 (Ariz. Ct. App. 2006)

Clarkson v. Goldstein, ................................................................. 15
2005 WL 1331776 (Del. Super. Ct. 2005)

Cosman v. Ford Motor Co. .......................................................... 9, 10
674 N.E.2d 61 (Ill. App. Ct. 1996)

Davis v. Kanbar Kisen Co., Ltd., ...................................................... 6
1990 WL 110250 (E.D. Pa. 1990)

Ducharme v. A&S RV Center, Inc., ................................................. 11
321 F. Supp. 2d 8043 (E.D. Mich. 2004)
*aff'd* 127 Fed. Appx. 2004 (6th Cir. 2005)

Fargo Machine and Tool Co. v. Kearney & Trecker Corp., .......................... 12
428 F. Supp. 364 (E.D. Mich. 1977)

Gans v. Mundy, ........................................................................ 5
762 F. 2d 338, 343 (3d Cir. 1985)
*cert. denied* 106 S. Ct. 537, 574 U.S. 1010 (1985)

Gruet v. Care Free Hous. Div. of Kenn-Schl Enter, Inc., ........................... 8
305 A.D.2d. 1060 (N.Y. App. Div. 2003)

Keystone Data System, Inc. v. James F. Wild, Inc., ................................ 5
549 F. Supp. 790, 792 (E.D. Pa. 1982)

Matsushita Elec. Indus. Co. v. Zenith Radio Co., ................................. 4
106 S. Ct. 1348, 475 U.S. 574 (1986)

Mott v. Monaco Coach Corp., ....................................................... 8
No. 09-06-C-01281(D. N.D. June 6, 2006)

Nichols v. Chester Mack Sales & Service, ............................................................... 13
1990 WL 251559 (Del. Super. Ct. 1990)

Pidcock v. Ewing, ............................................................................................... 8
371 F. Supp. 2d 87 (E.D. Mich. 2005)

Rokicsak v. Colony Marine Sales and Service Inc., ..................................... 9, 10
219 F.Supp. 2d 810 (E.D. Mich. 2002)

Snyder v. Boston Whaler, Inc., ............................................................................ 8
892 F. Supp. 955 (W.D. Mich. 1994).

**RULES**

Fed. R. Civ. P. 11 ............................................................................................. 5

Fed. R. Civ. P. 56(c) ................................................................................... 4, 5

**STATUTES**

15 U.S.C. § 2301(6)(B) ...................................................................................... 10

6 Del. C. §2-313 ............................................................................................... 9

6 Del. C. §2513 ............................................................................................... 14

6 Del. C. §2580 ............................................................................................... 14

6 Del. C §2583 ................................................................................................. 3

6 Del. C. §5001 ..................................................................................... 2, 3, 12

6 Del. C. §5009 ................................................................................................. 3

2 Del. C. §2-275 ............................................................................................... 6

**MISCELLANEOUS**

2 Barkley Clark & Christopher Smith, ............................................................. 11
The *Law of Product Warranties* §16.10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DOUGLAS HOLLOWAY                          :
and RITA HOLLOWAY,                        :
                                          :
                   Plaintiffs,            :        C.A. No.: 05-740 (JJF)
                                          :
        v.                                :
                                          :
MONACO COACH CORPORATION,                 :
a corporation of the State of Delaware,   :
                                          :
                   Defendant.             :

## DEFENDANT, MONACO COACH CORPORATION'S
## BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendant, Monaco Coach Corporation (hereinafter "Monaco") by and through its

attorneys Segal McCambridge Singer & Mahoney, Ltd., hereby submits this brief in support

of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure as follows:

## I.      STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiffs, Douglas and Rita Holloway, husband and wife, filed a six count Complaint

on September 2, 2005 seeking redress for purported defects in a 2004 Beaver Monterey

Motor Home ("Motor Home") manufactured by defendant, Monaco Coach Corporation

(Copy of Plaintiffs' Complaint is attached as Exhibit "A").  On November 10, 2005,

defendant Monaco filed an Answer denying plaintiffs' theories of liability.  Factual

discovery has now concluded and as there is no issue of material fact, defendant now moves

for summary judgment.

## II.     **SUMMARY OF ARGUMENT**

Defendant submits the within Motion for Summary Judgment and argues (1) plaintiffs have failed to file their warranty and Magnuson Moss Warranty Act causes of action before the statute of limitations expired; (2) In the alternative, plaintiffs' count for Breach of Express Warranty (Count II) fails to assert a viable cause of action because Monaco issued a limited warranty which promised to repair any defect that it was notified of within the warranty terms and did not issue any warranty promising that the motorhome would conform to any quality standard or a testament to its merchantability; (3) Further, the undisputed facts demonstrate that Monaco did not breach the Implied Warranty of Merchantability (Count III) or the Magnuson Moss Warranty Act (Count V) given the testimony of the Plaintiffs that Monaco performed all repairs it was obligated to perform under the warranty (4) Delaware's Lemon Law does not apply because Monaco's limited warranty which obligates it to "repair and replace" a defect does not meet the definition of "warranty" as defined by the lemon law statute. *See* 6 Del. C. §5001(5).  Accordingly, Count IV (Consumer Fraud Act) also fails as a matter of law given the fact that it is prefaced on a violation of the Lemon Law; and (5) the Elder's Victim Enhanced Penalties Act is not implicated as the explicit statutory factors are not satisfied by the facts of this case.

2

III.    **ISSUES PRESENTED**

A.    Have the plaintiffs complied with the properly reduced statute of limitations and timely filed their breach of warranty counts?

Suggested Answer:  No.

B.    Has Monaco Coach Corporation breached an express written warranty, the implied warranty of merchantability, or violated the Magnuson Moss Warranty Act?

Suggested Answer:  No.

C.    Is Delaware's Lemon Law, 6 Del. C. §5001 et seq., and by extension, the Consumer Fraud Act, 6 Del. C. §5009 implicated in the within lawsuit?

Suggested Answer:  No.

D.    Does Monaco Coach Corporation's acts and omissions satisfy the explicit statutory factors of Delaware's Elder Victim Enhanced Penalties Act, 6 Del. C §2583?

Suggested Answer:  No.

IV.    **FACTS**

The Holloways took possession of the subject coach in March of 2004.  A copy of Douglas Holloway's deposition transcript dated March 14, 2006 is attached and marked as Exhibit "E."  Mr. Holloway contends that immediately upon taking possession of his coach there were serious issues with its quality requiring immediate repair.  *See* Exhibit "E" at p. 23 lines 15-19.  After completion of these initial repairs, the plaintiffs allege that new defects have manifested in addition to several issues requiring repeated repair attempts.  See Exhibit

3

"E." The Holloways contend these defects have substantially impaired the use, safety and value of the coach. *See* Exhibit "E" at p. 112 lines 12-14; p. 131 lines 1-3.

In rebuttal, Monaco contends that the plaintiffs have failed to file their claims in a timely manner. Further, even if the plaintiffs file their claims within the requisite time, all obligations of their warranty have been satisfied in that all covered defects have been repaired and replaced at no cost to plaintiff. *See* Exhibit "E" at p. 165 lines 6-13. In fact, Mr. Holloway's testimony confirms that all issues associated with defects have been addressed satisfactorily and that the Motor Home has incurred in excess of 40,000 miles, despite their complaints. *See* Exhibit "E" at p. 11 lines 4-13.

## V.    <u>LEGAL ARGUMENT</u>

### A.    <u>SUMMARY JUDGMENT STANDARD</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted if "the pleadings and depositions, answers to interrogatories and admissions on file…show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Applying this rule, the United States Supreme Court delineated the standard applicable to motions for summary judgment in what has been termed "its summary judgment trilogy." <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 477 U.S. 317 (1986); <u>Anderson v. Liberty Lobby, Inc.</u> 106 S. Ct. 2505, 477 U.S. 243 (1986); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Co.</u>, 106 S. Ct. 1348, 475 U.S. 574 (1986). In <u>Celotex</u>, the Court said:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party

4

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of a non-moving party's case necessarily renders all other facts immaterial.

106 S. Ct. at 2553, 477 U.S. at 322-23.

The language was rephrased in <u>Liberty Lobby</u> when the Court stated: "[the summary judgment] standard mirrors the standard for a directed verdict ... which is that the trial judgment must direct a verdict if under the governing law, there can be but one reasonable conclusion as to the verdict." 106 S. Ct. at 2511, 477 U.S. at 243. The mandatory languages of these decisions express the Supreme Court's view point that summary judgment is not a harsh sanction to be avoided. In fact, the Supreme Court stated the summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designated "to secure the just, speedy and inexpensive determination of every action." <u>Celotex</u>, 106 S. Ct. at 2555, 477 U.S. at 325 *quoting* Fed. R. Civ. 11. "One of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses; we think it should be interpreted in a way to accomplish this purpose." <u>Id</u>. 106 S.Ct. at 2553, 477 U.S. at 323. Consequently, "a party resisting a motion for summary judgment must come forward with more than speculation in order to raise a material issue of fact." <u>Keystone Data System, Inc. v. James F. Wild, Inc.</u>, 549 F. Supp. 790, 792 (E.D. Pa. 1982); *see also* <u>Gans v. Mundy</u>, 762 F. 2d 338, 343 (3d Cir. 1985) *cert. denied* 106 S. Ct. 537, 574 U.S. 1010 (1985).

5

Therefore, while the moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of the genuine issue of material fact, "Rule 56(c) requires the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Davis v. Kanbar Kisen Co., Ltd., 1990 WL 110250 (E.D. Pa. 1990) *quoting* Celotex, 106 S. Ct. at 2553, 477 U.S. 17.

### B.    PLAINTIFFS' WARRANTY AND MAGNUSON MOSS COUNTS HAVE NOT BEEN TIMELY FILED.

It is undisputed that plaintiffs' Beaver Limited Warranty coverage period began on February 11, 2004 and that plaintiffs filed their lawsuit on September 2, 2005. *See* Exhibit "B." Under the Beaver Limited Warranty, any express warranty or implied warranty claim had to be filed no later than one year after the expiration of the warranty. *See* Exhibit "B." Further, the Beaver Limited Warranty provides that when, as in this case, a motor home purchaser elects to use the motor home for business purposes the Beaver Limited Warranty's coverage period is limited to ninety days "from the original retail purchase date of the motor home or the first 24,000 miles of use, whichever occurs first." *See* Exhibit "B." Under the Beaver Limited Warranty, there is a presumption that the Motor Home has been used for business purposes if federal tax return documents so demonstrate. *See* Exhibit "B."

The Uniform Commercial Code, as adopted by Delaware allows a warrantor to reduce the limitation period, as was done by Monaco in the case at issue. 6 Del. C. §2-725 provides:

6

1.    An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. **By the original agreement, the parties may reduce the period of limitation to not less than one (1) year but they may not extend it.** [emphasis added]

2.    A cause of action accrues when the breach occurs, regardless of the aggrieved parties lack of knowledge of the breach. A breach of warranty occurs when the tender or delivery is made, except where a warranty explicitly extends the future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Under Delaware law, Monaco properly reduced the limitations period in which to assert an alleged breach of express or implied warranty to one year. It is uncontroverted that the Beaver Limited Warranty coverage period began on February 11, 2004. *See* Exhibit "C." It is also uncontroverted that plaintiffs rented the subject coach to their business Rainbow Kennels, Inc., and have claimed the rental income on their personal income tax returns. A true and correct copy of the 2004 personal income tax of Douglas and Rita Holloway are attached and marked as Exhibit "D." Furthermore, Douglas Holloway's deposition testimony confirms that this coach is used in furtherance of their dog show/kennel business enterprise. *See* Exhibit "E" at p.11 line 4-13. Thus, at a minimum, the Beaver Limited Warranty expired on May 11, 2004 and, as such, plaintiffs were required to bring

7

any claim based on the Beaver Limited Warranty or any implied warranties before May 11, 2005.

The plaintiffs did not commence this action until <u>September 2, 2005</u>. The matter is untimely. As such, defendant Monaco is entitled to a dismissal of the breach of express and implied warranty counts. *See* <u>Pidcock v. Ewing</u>, 371 F. Supp. 2d 87 (E.D. Mich. 2005) (holding a reduction of the statute of limitations pursuant to UCC §2-725 was proper). *See also* <u>Mott v. Monaco Coach Corp</u>, No. 09-06-C-01281(Dist. Ct. Cass County N.D. June 6, 2006)(order granting summary judgment based on UCC Section 2-275 limitation)[2]; <u>Gruet v. Care Free Hous. Div. of Kenn-Schl Enter. Inc.</u>, 305 A.D.2d. 1060 (N.Y. App. Div. 2003). Similarly, plaintiffs' Magnuson-Moss claim is time-barred because the Magnuson Moss Warranty Act claim is dependent upon there being an underlying viable state breach of warranty cause of action, which there are none. And, while the Magnuson-Moss Act does not contain a statute of limitations the U.C.C. statute of limitations applies. *See* <u>Snyder v. Boston Whaler, Inc.</u>, 892 F. Supp. 955 (W.D. Mich. 1994) (borrowing the state UCC Statute of Limitations does not frustrate the policies of the Magnuson Moss Warranty Act) Accordingly, the U.C.C. statute of limitations should be applied. <u>Id</u>. As demonstrated above, plaintiffs filed this action beyond the applicable statute of limitations, and, accordingly, Count IV seeking a breach of the Magnuson Moss Warranty Act must fail.

---

1 See Exhibit "G."

Monaco submits the warranty inquiry should end here. In the event this Honorable Court does not agree, Monaco presents the following alternative grounds for summary judgment.

C.     MONACO DID NOT OFFER AN EXPRESS WARRANTY

6 Del. C. §2-313 defines "express warranty" as:

(a)     Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates and express warranty that the goods shall conform to the affirmation or promise.

(b)     Any description of the goods which is made part of the basis of the bargain creates and express warranty that the goods shall conform to the description.

(c)     Any sample or model which is made part of the basis of the bargain creates and express warranty that the whole of the goods shall conform to the sample of model.

In the matter of Rokicsak v. Colony Marine Sales and Services, Inc., 219 F. Supp. 2d 810 (E.D. Mich. 2002) the court found that a promise to repair defects in parts or workmanship does not constitute an "express warranty" under Michigan's adoption of the UCC. Similarly, in Cosman v. Ford Motor Co., 674 N.E.2d 61 (Ill. App. Ct. 1996), the Illinois appellate court found that a repair or replacement warranty, such as the one involved here does not fit within the definition of warranty under the Commercial Code. Although it is a warranty made as part of the sale of the goods in the sense that it promises something associated with the sale, it does not "warrant" the quality of the vehicle or its performance.

9

While promises to repair relate to the goods, the goods cannot conform to the promise to repair. Id. at 67. The promise to repair "relates to [the warrantor's] obligations under the contract, not to the quality of the goods." Id. Because the limited warranty does not fit within the U.C.C.'s definition of warranty, its alleged breach is not actionable under the U.C.C.[3]

The only warranty Monaco made in connection with the plaintiffs' purchase of the coach is the Beaver Limited Warranty. The performance of repairs is the exclusive remedy under the Beaver Limited Warranty. *See* Exhibit B. Monaco does not warrant that the Motor Home is defect free, or that it will conform to specific performance standards. *See* Exhibit B. The Beaver Limited Warranty does not constitute an affirmation of fact or promise to which the Motor Home must, or may be made, to conform, nor a description of the Motor Home, or a sample or model and; therefore, the Beaver Limited Warranty is not a UCC "express warranty." Rokicsak, 219 F. Supp. 2d at 816; Cosman, 674 N.E.2d at 67. Accordingly, even if the plaintiffs somehow brought a timely claim, the plaintiffs cannot recover from Monaco for breach of express warranty under the UCC and Count II fails.

D.    PLAINTIFFS' TESTIMONY DEMONSTRATES THAT MONACO DID NOT BREACH ANY WRITTEN OR EXPRESS WARRANTIES UNDER THE U.C.C. OR THE MAGNUSON MOSS ACT.

It is undisputed that Monaco responded to each and every concern of plaintiffs and, in turn, satisfied its obligations under the Beaver Limited Warranty. Count IV alleges a

---

[3] Most, if not all, consumer product warranties are "repair-or-replacement" warranties, and thus not a U.C.C. "express warranty." The drafters of the Magnuson Moss Warranty Act were obviously aware of this, and were careful to define "written warranty" so as to cover repair-or-replacement warranties. *See* 15 U.S.C. §2301(6)(B).

violation of the Magnuson Moss Warranty Act. The Magnuson Moss Warranty Act does not provide a cause of action for limited warranty unless the plaintiff has a viable underlying state breach of warranty cause of action and can show that Monaco did not comply with these explicit terms. Chaurasia v. General Motors Corp., 126 P.3d. 165 (Ariz. Ct. App. 2006). Here, there is no viable underlying state breach of warranty cause of action given the fact that the statute of limitations expired before the lawsuit was filed.

Additionally, the terms of the limited warranty have been satisfied as repairs have been made as called for in that agreement. *See* Exhibit "E" at p.165 lines 4-13. To satisfy their burden, the Holloways must show that Monaco refused or otherwise failed to pay for the repair of a covered item. Id. at 169. Furthermore, the plaintiffs cannot rely upon the "reasonable number of attempts" requirement provided for in full warranties or under state lemon law to establish a breach of a limited warranty under the Magnuson Moss Warranty Act. Id. at 177 *citing* 2 Barkley Clark & Christopher Smith, The *Law of Product Warranties* §16.10. The mere fact that repairs have been made does not, in and of itself, establish a breach of warranty. Ducharme v. A&S RV Center, Inc., 321 F. Supp. 2d 8043 (E.D. Mich. 2004) *aff'd* 127 Fed. Appx. 2004 (6th Cir. 2005). Plaintiffs' testimony clearly shows that Monaco has accepted repairs to the plaintiffs' coach and their litany of complaints with open arms. *See* Exhibit "E" at p.165 lines 4-13. Consequently, Monaco satisfied its obligations under the Beaver Limited Warranty and the plaintiffs' Magnuson-Moss claim should be dismissed.

Similarly Monaco, assuming that Beaver Limited Warranty even constituted a UCC express warranty, satisfied its obligations under the warranty. As shown above, Monaco

11

satisfactorily addressed each of the plaintiffs' complaints. Thus, this constitutes additional grounds for the failure of plaintiffs' claim for breach of express warranty.

     E.     <u>MONACO DID NOT BREACH THE IMPLIED WARRANTY OF MERCHANTABILTY.</u>

To establish a claim for breach of the implied warranty of merchantability, the plaintiffs must demonstrate that the Motor Home was not fit for the ordinary purposes for which it was intended. *See* <u>Fargo Machine and Tool Co. v. Kearney & Trecker Corp.</u>, 428 F. Supp. 364 (E.D. Mich. 1977). While protracted repairs may in some instances be used by a plaintiff to establish an implied warranty issue, merchantability does not require a perfect product, but rather one of average quality. <u>Id.</u>

In this case, the Motor Home has all the systems of a house including plumbing, electrical and carpentry in addition to all the mechanical systems/parts of an automobile. It is inevitable that a sophisticated product would require some service and this alone is not sufficient to establish a breach of warranty. <u>Id.</u> No issue, however, has rendered the Motor Home unfit for its normal purpose of transport and lodging. Indeed, Douglas Holloway's own testimony shows he drove the Motor Home in excess of 20,000 miles within two years of ownership. *See* Exhibit "E" at pp. 11-12. Thus, the undisputed facts show that the Motor Home functioned properly and, as a result, the plaintiffs' claim for breach of the implied warranty of merchantability fails.

F.    PLAINTIFFS' CLAIM FOR VIOLATION OF DELAWARE'S LEMON
LAW (COUNT I)AND CONSUMER FRAUD LAW (COUNT IV)
SHOULD BE DISMISSED AS THE LEMON LAW IS INAPPLICABLE
BY DEFINITION TO A LIMITED WARRANTY.

The Beaver Limited Warranty is not an UCC express warranty. *See* Exhibit "B."
In fact, Monaco's only obligation under the warranty is to repair or replace covered material
or workmanship that has been proved defective under normal use and operation at no charge
during the warranty, which is 12 months or 24,000 when the coach is used exclusive for
recreational purposes, or 90 days, and 24,000 miles where as here, it is used for business
purposes. With the foregoing obligations in mind, the first count of the Complaint seeking
breach of Delaware's Lemon Law as well as Count IV containing a cause of action under
Delaware's Consumer Fraud Act must fail.

Delaware's Lemon Law defines the phrase "Manufacturer's Express Warranty" and
the term "warranty" as "the written warranty of the manufacturer of a new automobile *of its
condition and fitness for use*…" *See* 6 Del. C. §5001(4)(emphasis added). An expansive
application would be misplaced. "What the law makers determined as the appropriate
definition was what was enacted into law." Nichols v. Chester Mack Sales & Service, Inc.,
1990 WL 251559 (Del. Super 1990) (refusing to expand definition of "automobile" as
defined in 6 Del. C. §5001(5)).

Given the language used, the legislature did not intend to apply the Lemon Law to
manufacturers who issue "repair or replacement" limited warranties; but instead only those
who issue UCC "express warranties," representing the condition or fitness of the vehicle as
described above. As set forth above, the Beaver Limited Warranty is not a UCC Express

13

Warranty but is a repair or replacement warranty. As a result, plaintiffs cannot rely upon the Beaver Limited Warranty to establish a claim under Delaware's lemon law under Count I. Furthermore, to the extent plaintiffs seek to piggyback Count V for a violation of the Consumer Fraud Act, 6 Del. C. §2513, on a violation of the Lemon Law, that count must also fail as a matter of law because no underlying viable lemon law cause of action exists.

G.     PLAINTIFFS CANNOT DEMONSTRATE THE EXPLICIT STATUTORY REQUIREMENTS IMPLICATING THE ELDERS VICTIM ENHANCED PENALTIES ACT.

Count VI is a claim for enhanced penalties per the Elders Victim Act based upon Mrs. Holloway turning 65 three months after this coach was purchased. The statutory factors to be considered for a cause of action under 6 Del. C. §2580 et seq. are not supported by the facts of this case. The factors are (1) defendant's conduct was in disregard of the rights of the elderly; (2) defendant knew, or should have known, their conduct was directed to an elder person; (3) whether the elder was more vulnerable because of age, health, infirmity, etc.; and (4) if the conduct caused the elder to suffer (i)mental or emotion anguish (ii) loss of primary residence (iii) loss of principle employment or income (iv) loss of pension or retirement plan (v) loss of retirement property or property for family care (vi) loss of assets essential to health and welfare of the elder; (5) any other factor the Court deems appropriate.

Plaintiffs executed warranty documents in February 2004. Rita Holloway turned 65 on June 2, 2004, almost four months after the sale was consummated. *See* Exhibit "F" at p. 3 lines 16-18. While Mrs. Holloway may have suffered mental/emotional anguish on one

14

occurrence of a perceived coach fire, this is not related to the sales transaction or any prohibited conduct by the defendant. *See* Exhibit "F" at p. 6 lines11 through p. 12 line 14. Moreover, this is a short lived event which must be reviewed in relation to the total life of the coach. In fact, Mrs. Holloway has not been deprived of her residence, funds, property, or assets as contemplated by the statute.

Further, nothing in the record suggests Monaco could or should have known any dealings were directed toward an elderly person. Also, there is nothing about Mrs. Holloway to suggest "vulnerability." She is a sophisticated officer of a business run by her husband. *See* Exhibit "F" at p. 24 lines 10-14. The legislative intent of this statutory provision is clear. It was not enacted for providing a remedy under these factual underpinnings but rather upon a clear showing of a defendant praying on a victim's elderly status. *See* Clarkson v. Goldstein, 2005 WL 1331776 (Del. Super. Ct. 2005) (enhanced penalties warranted if an elderly person's vulnerability or a special relationship caused them to enter into a fraudulent transaction). As such, plaintiffs cannot substantiate a cause of action under Count VI of their Complaint.

## VI.    **CONCLUSIONS**

For all the foregoing reasons, defendant Monaco Coach Corporation respectfully requests this Honorable Court to grant its Motion for Summary Judgment and enter an order in the form attached.

Respectfully submitted,
TYBOUT, REDFEARN & PELL


 /s/  Danielle K. Yearick
Danielle K. Yearick, I.D. No. 3668
750 S. Madison Street, Suite 400
P.O. Box 2092
Wilmington, DE 19899
Local Counsel for Defendant
Monaco Coach Corporation

Theodore C. Flowers, Esquire
Segal, McCambridge, Singer & Mahoney
United Plaza
30 South 17th Street, Suite 1700
Philadelphia, PA 19103

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DOUGLAS HOLLOWAY                    :
and RITA HOLLOWAY                   :         Civil Action
        Plaintiffs                :         No.: 05-740 (JJF)
                              :
     v.                         :
                              :
MONACO COACH CORPORATION           :
a corporation of the State of Delaware  :
        Defendant                 :

## CERTIFICATE OF SERVICE

    I, DANIELLE K. YEARICK, ESQUIRE, hereby certify that on this 18th day of August, 2006,

true and correct copies of *Defendant Monaco Coach Corporation's Brief in Support of their Motion for*

*Summary Judgment* were delivered by hand and electronically filed sending notice to the following

counsel of record:

Christopher J. Curtin, Esquire
ERISMAN & CURTIN
P.O. Box 250
Wilmington, DE 19899-0250

                        /s/ Danielle K. Yearick

                        _____
                        Danielle K. Yearick, Esquire (ID #3668)
                        TYBOUT, REDFEARN & PELL
                        750 South Madison Street, Suite 400
                        P.O. Box 2092
                        Wilmington, DE  19899-2092
                        (302) 658-6901
                        *Local Counsel for the Defendant*

*Of Counsel:*

Theodore C. Flowers, Esquire
SEGAL, MCCAMBRIDGE, SINGER & MAHONEY
United Plaza
30 South 17th Street, Suite 1700
Philadelphia, PA 19103
(215) 972-8015