# EXHIBIT "G"

# IN DISTRICT COURT, COUNTY OF CASS, STATE OF NORTH DAKOTA.

Dennis C. Mott,

      Plaintiff,

vs.

Monaco Coach Corporation,

      Defendant.

File No.   09-06-C-01281

**MEMORANDUM OPINION
AND ORDER**

The above-entitled matter comes before the Court on Defendant's motion pursuant to Rule 12(b)(vi) of the North Dakota Rules of Civil Procedure to dismiss Plaintiff's Complaint. Defendant maintains that Plaintiff has failed to state a claim upon which relief can be granted and that the claim is time-barred under the terms of the limited warranty referenced in Plaintiff's Complaint.

Plaintiff's Complaint alleges that on or about July 27, 2004, Plaintiff purchased a 2005 Monaco Medallion Travel Trailer with a 12-month express warranty. The Complaint further alleges that on or about October 4, 2004, the said travel trailer spontaneously ignited and burned. Plaintiff bases its claim for damages on breach of express and/or implied warranties.

In support of its motion for dismissal, Defendant has submitted an affidavit and the attached warranty materials. If, on a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12, matters outside the pleading are presented to and not excluded by the Court, the motion should be treated as one for summary judgment and disposed of as provided in N.D.R.Civ.P. 56. Livingood v. Meece, 477 N.W.2d 183, 187 (N.D. 1991).

The written warranty provides in part as follows:

## MCKENZIE TOWABLE LIMITED WARRANTY

What the period of coverage is:
If you use your McKenzie towable product only for recreational travel and family camping purposes, the Limited Warranty provided by McKenzie ("Warrantor") covers your new towable product when sold by an authorized dealer, for twelve (12) months from the original retail purchase ...

### What the Warranty Covers

Warrantor's Limited Warranty covers defects in the manufacture of your towable product and defects in materials used to manufacture your towable product. ...

### What We Will Do to Correct Problems

Warrantor will repair and/or replace, at its option, any covered defect ...

**THESE WARRANTIES ARE NOT INTENDED TO "EXTEND TO FUTURE PERFORMANCE." ANY ACTION TO ENFORCE THESE EXPRESS OR ANY IMPLIED WARRANTIES SHALL NOT BE COMMENCED MORE THAN NINETY (90) DAYS AFTER THE EXPIRATION OF THE ONE YEAR WARRANTY COVERAGE PERIOD DESIGNATED ABOVE. ...**

Plaintiff does not dispute the authenticity of the warranty provisions quoted above. The warranty unambiguously allows an action to be commenced to enforce the express or implied warranties no later than one year and ninety days after the product was delivered to the Plaintiff.

It is further undisputed that Plaintiff's complaint was served on or about March 31, 2006, approximately 20 months after the product was delivered.

Plaintiff argues that the limitation period for bringing suit set forth in the warranty is contrary to N.D.C.C. § 41-02-104, which states in part as follows:

1.    An action for breach of any contract for sale must be commenced

-2-

within four years after the claim for relief has accrued.  By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

2.      A claim for relief accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.   A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the claim for relief accrues when the breach is or should have been discovered.  ...

Plaintiff argues that the Defendant's warranty extended to future performance under § 41-02-104(2).  The Court disagrees.  The statute requires that the warranty "explicitly" extend to future performance.  The clear terms of this warranty clearly spell out that it was not intended to extend to future performance.  A warranty of future performance is different from a repair or replacement warranty.  Anderson v. Crestliner, Inc., 564 N.W.2d 218, 222 (Minn. App. 1997).

A warranty of future performance of a product must expressly provide some form of guarantee that the product will perform in the future as promised.  ...

On the other hand, a repair or replacement warranty does not warrant how the goods will perform in the future.  Rather, such a warranty simply provides that if a product fails or becomes defective, the seller will replace or repair within a stated period.

Id.

Here, Defendant's warranty is the latter.  Defendant's warranty does not guarantee future performance, but simply provides that if a product fails or becomes defective, the Defendant would replace or repair within the stated warranty period.

Furthermore, warranties expressly limited to repair or replacement are not considered warranties which extend to future performance of goods within the meaning of U.C.C. § 2-725(2).  See Warranty as to Future Performance, 93 ALR3d 690 (1979).

-3-

Therefore, the "discovery rule" is not applicable, and by reason of N.D.C.C. § 41-02-04(2), Plaintiff's claim accrued upon delivery of the travel trailer. The Defendant's warranty, which provides for a year and ninety days to bring a cause of action is not violative of N.D.C.C. § 41-02-104.

Plaintiff also argues that the warranty limitation period is unconscionable, in violation of N.D.C.C. § 41-02-19. The determination whether a particular contractual provision is unconscionable is a question of law for the Court. Constr. Assocs., Inc. v. Fargo Water Equip. Co., 446 N.W.2d 237, 241, (N.D. 1989). Here, the limitation period for bringing an action for breach of warranty under the agreement is conspicuous in large print. The limitation period in the warranty did not leave the Plaintiff without a remedy. Plaintiff had until October 27, 2005, to bring this lawsuit in a timely manner, which was more than a year after the fire to the trailer home. The warranty contract is not unconscionable.

Plaintiff also argues equitable estoppel. Plaintiff argues that the Defendant was informed of this claim in October of 2004 and was given written notice on December 27, 2004. The Defendant responded on January 6, 2005. Plaintiff sent another letter to the Defendant on March 2, 2005, and later conveyed to the Defendant an expert opinion on March 22, 2005. Plaintiff points to the fact that the Defendant delayed responding for nearly eight months until November 2, 2005, after the limitation period expired. There is no allegation, however, that the Defendant made any affirmative statements upon which the Plaintiff relied.

> We have said that the mere conduct of settlement negotiations or discussions by a defendant with a plaintiff does not alone provide a basis for estopping the defendant from pleading the statute of limitations. It is only when the defendant's actions are calculated to induce plaintiff to believe that the claim will be settled without suit that negotiations may give rise to

-4-

equitable estoppel.

Huber v. Oliver County, 529 N.W.2d 179, 183 (N.D. 1995).

Here, there is no allegation by the Plaintiff that the Defendant did anything to induce the Plaintiff to believe that the claim would be settled without suit.

Finally, the Plaintiff relies upon the Doctrine of Laches. Plaintiff's argument here is based on the same facts as set forth in the estoppel theory. Plaintiff faults the Defendant for waiting until November of 2005 to deny the claim. Laches does not arise from a delay or lapse of time alone, rather it must be a delay in enforcing one's rights which works a disadvantage to another. Schmidt v. Schmidt, 540 N.W.2d 605, 608 (N.D. 1995). Here, the Defendant is not barred from asserting its statute of limitation defense by reason of laches.

There are no genuine issues of material fact in dispute. Plaintiff's claim against the Defendant is barred by the limitation period set forth in Defendant's warranty.

On the basis of the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED.

IT IS FURTHER ORDERED that Judgment be entered dismissing Plaintiff's Complaint, together with awarding Defendant's costs and disbursements herein.

Dated this 26th day of June, 2006.

BY THE COURT:

Steven L. Marquart
District Judge
East Central Judicial District

-5-